IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOWERS AT SUNNYVALE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-0735-K |
| | § | |
| DALLAS CENTRAL APPRAISAL | § | |
| DISTRICT and APPRAISAL REVIEW | § | |
| BOARD, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court are (1) Defendants' Motion for Summary Judgment (doc. 21) and (2) Plaintiff's Motion for Summary Judgment (doc. 22). For the following reasons, on Plaintiff's due process claims, the Court **GRANTS** Defendants' motion and **DENIES** Plaintiff's motion. The Court declines to exercise supplemental over any remaining state law claims Plaintiff may have. The Court **DENIES as moot** Plaintiff's Motion to Strike Defendants' Expert Witnesses (doc. 17).

## I.     Factual Background

Plaintiff, Towers at Sunnyvale, LLC ("Plaintiff"), acquired the property at 224 S. Collins Rd. (a/k/a State Highway 352) in June 2006. Plaintiff built a convenience store and gasoline facility on this property after receiving a permit. In December 2006, Plaintiff filed an application with the Texas Commission on Environmental Quality ("TCEQ") for a Use Determination of whether the property, or certain portions of it, were used to

ORDER – PAGE 1

control pollution, thereby entitling Plaintiff to a pollution control exemption under the Texas Tax Code. The Executive Director of the TCEQ issued a positive Use Determination letter on December 27, 2006 for certain portions of the facility and its equipment. This positive Use Determination was sent to Plaintiff and a copy to the Chief Appraiser for Defendant Dallas County Appraisal District.

For the year 2007, Plaintiff's property was valued at $1,065,280.00; Plaintiff was not given the pollution exemption by the Chief Appraiser. Plaintiff filed a protest, and on September 18, 2007, a hearing was held. Defendant Appraisal Review Board was aware of the TCEQ's positive Use Determination. On October 18, 2007, Defendant Appraisal Review Board issued its order denying the exemption.

Plaintiff filed suit in state court on November 12, 2007. In its First Amended Petition ("Amended Petition") filed in state court, Plaintiff added claims under 42 U.S.C. § 1983 against Defendants, specifically claiming Defendants violated Plaintiff's due process rights. Plaintiff also added a claim under 42 U.S.C. § 1988 for attorneys' fees. Defendants then removed the case to this Court.

## II.     Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of

material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57(1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

III.    Analysis

    A.    **Due Process Claims**

In its Amended Petition, Plaintiff makes due process claims under 42 U.S.C. § 1983. Section 1983 itself is not an origin of substantive rights, but instead acts as a vehicle for enforcing federal rights secured elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Plaintiff's Amended Petition makes no reference to any constitutionally protected right, but instead merely references section 1983 in relation to its due process violation claims. Plaintiff finally claims a protected property interest under the Fourteenth Amendment in its summary judgment briefing. Two claims which may be asserted under the due process clause of the Fourteenth Amendment through section 1983 are: (1) procedural due process claims which prohibit the deprivation of a protected right without due process or fair procedure; and (2) substantive due process claims which prohibit "certain arbitrary, wrongful

government actions" irrespective of any procedures in place to guarantee fairness. *Zinermon v. Burch*, 494 U.S. 113, 124-25 (1990).

Plaintiff clearly makes a substantive due process claim, asserting the Defendants acted "arbitrarily and capriciously" in denying the pollution control exemption. While the substantive due process claim is apparent to the Court, Plaintiff does not make clear whether it asserts a claim for procedural due process violations against Defendants. Plaintiff merely makes one reference to a state court of appeals opinion which addresses "the protection of procedural due process." But Plaintiff makes no actual allegations that its procedural due process rights were violated. The Court will liberally construe Plaintiff's Amended Petition to include both procedural and substantive due process claims.

1.  Procedural Due Process

The Due Process Clause provides the guarantee of fair procedure related to a constitutionally protected interest. *Id.*, 494 U.S. at 125. It is not the deprivation of a constitutionally protected interest that is itself unconstitutional; rather, it is the deprivation of the interest without due process of law that is unconstitutional. *Id.* The collection of a tax equates to the deprivation of property; therefore, procedural safeguards must be provided by the government to protect the property owner's due process rights. *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regulation of Florida*, 496 U.S. 18, 36-37 (1990). Procedural due process requires notice and opportunity to be heard. *See Cohen v. City of Houston*, 185 S.W.2d 450, 452 (Tex. Civ. App.–Galveston 1945). While due process dictates a taxpayer's right to be heard before a final assessment,

it does not set forth the mechanics of such a review. *ABT Galveston Ltd. Partnership v. Galveston Central Appraisal Dist.*, 137 S.W.3d 146, 155 (Tex. App.–Houston [1st Dist.] 2004).

Texas courts have held that, in tax cases, due process is satisfied if the taxpayer has an opportunity to be heard before an assessment board at some stage of the proceedings. *Id.* The Tax Code provides for a specific review process for taxpayer protests. *See* TEX. TAX CODE §§ 41.01, *et seq.* (Vernon 2008). The taxpayer may protest before the appraisal review board such action as the denial of an exemption. TEX. TAX CODE § 41.41(4). At the hearing before the appraisal review board, the taxpayer may present evidence and argument; then the appraisal review board determines the protest and issues its decision in a written order. TEX. TAX CODE §§ 41.45, 41.47. A taxpayer may then appeal the appraisal review board's decision to the district court for *de novo* review. TEX. TAX CODE §§ 42.01, 42.23. The Texas Tax Code provides for due process because taxpayers have a right to a trial *de novo* of the appraisal review board's decision in the district court. *See Keggereis v. Dallas Cent. Appraisal Dist.*, 749 S.W.2d 516, 518 (Tex. App.–Dallas 1988); *see also Lamar County Appraisal Dist. v. Campbell Soup Co.*, 93 S.W.3d 642, 648 (Tex. App.–Texarkana 2002); *see also Watson v. Robertson County Appraisal Review Bd.*, 795 S.W.2d 307, 310-11 (Tex. App.–Waco 1990).

The requirements for procedural due process present a very low threshold for Defendants to satisfy. The record before the Court establishes that Plaintiff did indeed appeal the denial of its pollution control exemption to Defendant Appraisal Review Board,

and that Plaintiff participated in this hearing. There is nothing in the record evidencing that Plaintiff was not given the right to present evidence and argument at this hearing. Furthermore, Plaintiff had the opportunity, pursuant to the Tax Code, to appeal Defendant Appraisal Review Board's written order to the district court for *de novo* review. Texas case law establishes that these procedural safeguards sufficiently protect the taxpayer's procedural due process rights. *See Keggereis*, 749 S.W.2d at 518; *Lamar County*, 93 S.W.3d at 648; *Watson*, 795 S.W.2d at 310-11.

The Court concludes procedural due process requirements have been satisfied. *See Lamar County*, 93 S.W.3d at 648.

### 2. Substantive Due Process

The Due Process Clause also protects against "certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Zinermon*, 494 U.S. at 125 (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)); *see Simi Inv. Co., Inc. v. Harris County, Tex.*, 236 F.3d 240, 249 (5th Cir. 2000)(substantive due process implicated where "government arbitrarily abuses its power to deprive individuals of constitutionally protected rights."). Unlike procedural due process which requires certain procedures be in place when the government deprives a person of a protected liberty, substantive due process is implicated by the act itself of depriving someone of a protected right without any reasonable justification in terms of a legitimate governmental objective. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). When the specific act of a governmental employee is at issue, only the most egregious official conduct equates

and that Plaintiff participated in this hearing. There is nothing in the record evidencing that Plaintiff was not given the right to present evidence and argument at this hearing. Furthermore, Plaintiff had the opportunity, pursuant to the Tax Code, to appeal Defendant Appraisal Review Board's written order to the district court for *de novo* review. Texas case law establishes that these procedural safeguards sufficiently protect the taxpayer's procedural due process rights. *See Keggereis*, 749 S.W.2d at 518; *Lamar County*, 93 S.W.3d at 648; *Watson*, 795 S.W.2d at 310-11.

The Court concludes procedural due process requirements have been satisfied. *See Lamar County*, 93 S.W.3d at 648.

### 2. Substantive Due Process

The Due Process Clause also protects against "certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Zinermon*, 494 U.S. at 125 (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)); *see Simi Inv. Co., Inc. v. Harris County, Tex.*, 236 F.3d 240, 249 (5th Cir. 2000)(substantive due process implicated where "government arbitrarily abuses its power to deprive individuals of constitutionally protected rights."). Unlike procedural due process which requires certain procedures be in place when the government deprives a person of a protected liberty, substantive due process is implicated by the act itself of depriving someone of a protected right without any reasonable justification in terms of a legitimate governmental objective. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). When the specific act of a governmental employee is at issue, only the most egregious official conduct equates

to an arbitrary action in the due process context. *Id.* (criteria for determining what is "fatally arbitrary" depends upon whether legislation or the act of a governmental employee is at issue). Such a standard operates to prevent governmental officials from abusing their power or using it in an oppressive manner. *Id.* These governmental actions must "shock the conscience" to violate substantive due process. *Id.* at 846-47 (citing *Rochin v. California*, 342 U.S. 165, 172-73 (1952)); *Collins v. Harker Heights*, 503 U.S. 115, 128 (1992)(the governmental employee's action must be able to be characterized as "arbitrary, or conscience shocking, in a constitutional sense").

Plaintiff maintains that Defendants violated Plaintiff's substantive due process rights in denying the pollution control exemption in spite of the TCEQ's positive Use Determination. To establish a substantive due process violation, Plaintiff must prove: (1) it had a constitutionally protected interest in the property; and (2) the government deprived Plaintiff of that interest capriciously and arbitrarily. *See Simi Inv.*, 236 F.3d at 249. The Court concludes that Plaintiff has initially failed to establish that it has a constitutionally protected property interest for purposes of substantive due process. In its motion, Plaintiff makes the argument that money is a well-established protected property interest and the TCEQ's positive Use Determination "creates a right to money." In support of its proposition, Plaintiff provides a block quote from a Fifth Circuit case, *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921 (5th Cir. 1988), which defines a property interest as having a legitimate claim of entitlement to a benefit. Plaintiff, however, fails to expound on the Fifth Circuit case and quotation to permit the Court to

ORDER – PAGE 7

draw the conclusion that the positive Use Determination vests Plaintiff with a property interest. Plaintiff does not provide the Court with any support, other than this one block quotation, for its claim that the tax exemption allegedly created by the positive Use Determination creates a right to money that thereby implicates a property interest protected by due process. The Tax Code itself requires a taxpayer seeking an exemption, including a pollution control exemption permitted under section 11.31, to apply for the exemption. TEX. TAX CODE § 11.43(a) (statutory language specifically excludes nine authorized exemptions from the application process, but section 11.31 is not one of them). The statutory language then lends credence to the argument that the positive Use Determination itself does not create a right to money because the taxpayer may not rely solely upon this document for the tax exemption, but instead must apply for the exemption with the appropriate appraisal district.

The United States Supreme Court has recognized that substantive due process has been implicated in cases involving marriage, family, procreation, and the right to bodily integrity. *Albright*, 510 U.S. at 272 (citing *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 847-849 (1992) for list of cases where substantive due process rights have been recognized). Plaintiff is asking this Court to make a leap as it relates to established property interests within the ambit of substantive due process without providing the Court with any sufficient basis for doing so. The Supreme Court has noted on more than one occasion its reluctance to expand substantive due process "because the guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins*,

503 U.S. at 125; *see also Albright*, 510 U.S. at 271-72. The Supreme Court in *Collins* went on to say that "the utmost care" must be used when "asked to break new ground in this field." *Id.* Plaintiff has not provided sufficient support for the Court to agree with Plaintiff's assertion. The Court cannot conclude that the TCEQ's positive Use Determination alone vests Plaintiff with a protected property interest in the area of substantive due process.

Even if the Court were to find that Plaintiff had a protected property interest here, Plaintiff would fail on the second element of establishing Defendants acted arbitrarily and capriciously. The record does not demonstrate that Defendants acted in an arbitrary manner such that it shocks the conscience of this Court in a constitutional sense. *See Collins*, 503 U.S. at 128; *Zinermon*, 494 U.S. at 125; *see also Simi Inv.*, 236 F.3d at 249. Plaintiff makes a reference in its Amended Petition that the Chief Appraiser failed to appeal the TCEQ's positive Use Determination within twenty days as provided for in section 11.31(e). TEX. TAX CODE § 11.31(e). (Plaintiff does not, however, make this argument in its motion for summary judgment.) The record does establish that the Chief Appraiser did not, in fact, appeal the TCEQ's positive Use Determination letter within twenty days after receipt of the same. The Court does not comment on whether this action violates the Tax Code's provisions related to TCEQ's use determinations and any appeal related thereto. But the Court notes that Defendant Appraisal Review Board ignoring the evidence of the TCEQ's positive Use Determination which was before them at the hearing is so strong, that their denial of the exemption almost rises to the level of

being arbitrary and capricious. But the Court must conclude that the record does not establish that Defendants acted arbitrarily in such a way to "shock the conscience" of the Court in a constitutional sense. *See Collins*, 503 U.S. at 128; *Rochin*, 342 U.S. at 172-73.

### 3.     Attorneys' Fees

Plaintiff seeks attorneys' fees pursuant to 42 U.S.C. § 1988. Section 1988 provides for attorneys' fees in any action under section 1983. The Court concluded Plaintiff's section 1983 claims fail. Accordingly, the Court does not award attorneys' fees under section 1988.

### 4.     Conclusion

Summary judgment is appropriate on Plaintiff's due process claims against Defendants as well as Plaintiff's claim for attorneys' fees under section 1988.

### B.     State Law Claims

When federal claims are dismissed before trial and only state law claims remain, the factors considered under the supplemental jurisdiction doctrine weigh heavily in favor of declining jurisdiction; therefore, the federal court should usually decline to exercise jurisdiction over the remaining claims and send them to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992)("general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). The Court has already concluded that summary judgment is appropriate on Plaintiff's federal claims for section 1983 due process violations and attorneys' fees under section 1988. However, as the Court previously

noted, while the conclusion is that no due process violations occurred, the Defendants' conduct almost rises to the level of a substantive due process violation. The record indicates that Defendants, beginning with the Chief Appraiser, ignored the evidence before them of the positive Use Determination. While Defendants make an argument that the addresses on the positive Use Determination compared with the application Plaintiff filed with Defendant Dallas Central Appraisal District conflict, the Court views this as disingenuous. Plaintiff's summary judgment evidence indicates that Defendant Dallas Central Appraisal District was aware, based on its own records, that this one piece of property was listed with more than one physical address.

Plaintiff's Amended Petition is not clear as to the claims, federal or state, that Plaintiff asserts against Defendants. In its briefing, however, Plaintiff moves for summary judgment on the grounds of due process violations and that the TCEQ's positive Use Determination is a valid final order under the Texas Tax Code and is not subject to collateral attack. Defendants ignored the appellate procedure under section 11.31(e)provided to the taxpayer <u>or the chief appraiser</u> to appeal an unsatisfactory TCEQ use determination. The Chief Appraiser then denied Plaintiff the exemption in spite of section 11.31(i) which directs the chief appraiser to accept a final determination of the TCEQ as conclusive evidence that the property is pollution control property. On Plaintiff's appeal of the Chief Appraiser's denial, Defendant Appraisal Review Board then ruled in agreement with the Chief Appraiser, again denying Plaintiff the exemption. It is obvious to this federal court that these actions by the Defendants need to be dealt with

ORDER – PAGE 11

by the state court. Therefore, to the extent that Plaintiff makes a claim related to the TCEQ's Use Determination and the finality thereof, this would be subject to Texas state law.

Accordingly, if there remain any state law issues related to the finality of the Use Determination, the Court declines to exercise supplemental jurisdiction, instead deferring to the laws and judicial processes of the State of Texas. 28 U.S.C. § 1367(c)(3). This Court is certain that the state trial court will deal with the issues in a fashion that recognizes that this may not be a substantive due process violation, but requires severe scrutiny by the trial court.

**SO ORDERED.**

Signed September 23rd, 2009.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE